# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**EUGENE J. FLETCHER,**
**ROBERT DAVIS and LONNIE HUGHES**                                    **PLAINTIFFS**

vs.                          Case. No. 5:09-CV-030 BSM

**UNION PACIFIC RAILROAD COMPANY**                                     **DEFENDANT**

## ORDER

Defendant Union Pacific Railroad Company ("Union Pacific") moves, pursuant to Federal Rule of Civil Procedure 21, to sever the claims of plaintiffs Eugene J. Fletcher, Robert Davis, and Lonnie Hughes (Doc. No. 16). Plaintiffs object to Union Pacific's motion (Doc. No. 18), to which Union Pacific has replied (Doc. No. 19). For the reasons set forth below, Union Pacific's motion is denied.

## I. ALLEGATIONS

Plaintiffs claim that, while employed at Union Pacific, they suffered musculosekeletal injuries and other conditions as a result of Union Pacific's negligence. Complaint ("Compl.")., ¶ 10, 12. They allege that Union Pacific failed to provide them with safe working conditions and they were exposed to excessive and harmful cumulative trauma. Compl., ¶ 13-15. Plaintiffs also claim that Union Pacific provided them with wholly inadequate training programs aimed at preventing or decreasing the risk of injuries. Plaintiff's response to defendant's motion for severance ("Pltfs' resp."), ¶ 7.

Eugene Fletcher worked as freight conductor for Union Pacific and its predecessor, Missouri Pacific Railroad Company, from 1971 to 2006. Defendant's brief in support of its

motion to sever ("Deft.'s br."), Ex. 1, Interrog. 1. Fletcher states that as a result of his employment with Union Pacific: (1) he was exposed to asbestos; (2) he suffers from bilateral carpal tunnel syndrome; and (3) he has injuries to his right knee and his neck. Deft.'s br., Ex. 1, Interrog. 15. Robert Davis worked as a brakeman and conductor for Union Pacific from 1970 to 2007. Deft.'s br., Ex. 7, Interrog. 1. He claims that as a result of his employment, he has injuries to his left shoulder and his right wrist. Deft.'s br., Ex. 7, Interrog. 15. Lonnie Hughes worked as a brakeman and conductor for Union Pacific and its predecessors from 1972 to 2007. Deft.'s br., Ex. 4, 5, Interrog. 1. Hughes claims that as a result of his employment, he suffers from injuries to his right shoulder. Deft.'s br., Ex. 5, Interrog. 15.

Plaintiffs further allege that in the late 1980's, the railroad created a Cumulative Trauma Task Force to research occupational health and safety concerns and to develop programs to prevent injuries. Affidavit of Brent R. Mower, attached as exhibit F to pltf's resp., ¶ 5-6. Plaintiffs allege that, in March 1991, Union Pacific adopted a program to prevent workplace injuries but that its legal department ended the program two months later. *Id*. at ¶ 16. In 1996, Union Pacific instituted another program to prevent musculoskeletal injuries. Deposition of Gary Johnson, attached as exhibit D to pltfs' resp., 52-54.

II. DISCUSSION

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact

common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Judicial economy and efficiency are enhanced by the joinder of parties as set forth in Rule 20. Indeed, the Eighth Circuit has held that the purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," and that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The phrase "transaction or occurrence" has been held to include "all 'logically related' events . . . ." *Id.* (holding that a company-wide policy purportedly designed to discriminate against blacks in employment arises out of the same series of transactions or occurrences). While district courts have wide discretion to control the scope of a civil action and to sever parties, joinder is strongly encouraged. *Id.*

At first glance, Union Pacific's argument, that the disparate nature of plaintiffs' injuries and their different employment circumstances may confuse the jury, is persuasive. A close look at the allegations, however, shows that the issues in this case are not very complex. Therefore, the likelihood of jury confusion is minimal.

Although plaintiffs have been strained in showing just how this case satisfies Rule 20, they have succeeded. That is true because plaintiffs worked for Union Pacific during the time that the ergonomic programs at issue were in place. Further, Union Pacific's decisions about programming affected all of them in the same way insofar as the training and warnings they received. While plaintiffs' injuries are different, they are all alleged to have resulted

from the same decision by Union Pacific.

### III. CONCLUSION

For the reasons stated above, Union Pacific's motion to sever (Doc. No. 16) is denied.

IT IS SO ORDERED this 21st day of January, 2010.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE